## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY SWAIN MALLARD JR., | : | |
| | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 7:23-CV-58 (WLS) |
| | : | |
| v. | : | |
| | : | |
| BROOKS COUNTY BOARD OF COMMISSIONERS, *et al.,* | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

On June 30, 2023, this Court ordered Plaintiff to amend his Complaint (Doc. 1) in a written filing by no later than Friday, July 21, 2023. (Doc. 3.) In that Order the court noted that the amended complaint must set forth allegations sufficient to withstand scrutiny under 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed his Amended Complaint on July 18, 2023. (Doc. 4.)

This Court must dismiss a complaint under 28 U.S.C. § 1915(e) if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted, or (iii) seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (Internal quotation marks omitted.)). To successfully state a claim upon which relief can be granted, the Complaint must, among other things, allege facts and claims establishing that subject-matter jurisdiction exists. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (explaining that federal courts, as courts of limited jurisdiction, are "obligated to inquire into subject-matter jurisdiction [on their own] whenever it may be lacking" (internal quotation marks omitted)). The Complaint also must state a legally cognizable claim. *See* Fed. R. Civ. P. 8.

In reviewing Plaintiff's Amended Complaint the Court accepts as true all factual allegations therein. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). Moreover, because Plaintiff proceeds *pro se*, the Court construes his filings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). It is worth emphasizing, however, that this leniency does not give Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading, *see Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012).

In the present case, Plaintiff alleges that subject matter jurisdiction exists under Title VII of the Civil Rights Act of 1964. (Doc. 4 at 3.) Under the section for statement of claim, Plaintiff checked the boxes for (1) termination of my employment, (2) unequal terms and conditions of my employment and (3) retaliation, (Doc. 4 at 3-4) but provided no additional information. In his Amended Complaint Plaintiff checked the box for discrimination on the basis of race, but did not provide any additional information. (Doc. 4 at 4.) Plaintiff was also issued a Notice of Right to Sue Letter by the Equal Employment Opportunity Commission. (Doc. 1 at 5.)

Plaintiff's Amended Complaint also includes a "Discriminated Statement" where Plaintiff states the basis for his belief that he is being discriminated against. (Doc. 4 at 5.) The Discriminated Statement, however, does not contain sufficient facts for Plaintiff's Amended Complaint to withstand scrutiny under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Amended Complaint is insufficient to withstand scrutiny under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff never identifies which Defendant is responsible for which acts or omissions giving rise to Plaintiff's claim. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Here, Plaintiff brings this lawsuit against the Brooks County Board of Commissioners, and it would appear the Brooks County Sheriff's Office. As stated in this Court's prior Order, for Plaintiff to pursue his lawsuit against these Defendants specifically, he must clarify which wrongful conduct each Defendant allegedly committed.

(Doc. 3.) Plaintiff did not do so. Rather Plaintiff states his reason for why he feels he has been discriminated against, specifically that other employee's disciplinary proceedings were handled differently on the basis of race. Plaintiff does not state who those other employees were, however, or how they were treated differently. Plaintiff also does not state any facts that would support a retaliation claim. (Doc. 4.)

In the present case, Plaintiff has already been given one chance to amend his complaint prior to dismissal. (Doc. 3.) However, this Court will not dismiss Plaintiff's complaint, because in the present case "a more carefully drafted pleading might state a claim." *Edwards v. Fernandez-Rundell*, 512 F. App'x 996, 997 (11th Cir. 2013). Accordingly, Plaintiff is **ORDERED** to amend his Amended Complaint (Doc. 4) in a written filing that must be filed **no later than twenty-one (21) days from the date of entry of this Order, or by no later than Thursday, August 10, 2023.** To avoid dismissal of this case, the amended complaint must set forth allegations sufficient to withstand scrutiny under 28 U.S.C. § 1915(e)(2)(B). Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of his case without further notice or proceedings.

**SO ORDERED**, this 20th day of July 2023

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**